UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

James E Albrecht,                                    Case No.: 6:18-bk-02237
                                                     Chapter 7

        Debtor

_____/

**VANDERBILT MORTGAGE AND FINANCE, INC.'S RESPONSE
TO TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM STAY**

        Comes now Vanderbilt Mortgage and Finance, Inc., and files its written response to the

Trustee's Response to Motion for Relief from Stay (D.E. 13) as follows:

    1.      The Debtor filed the instant Chapter 7 Bankruptcy on April 19, 2018.

    2.       The sworn schedules signed and filed, by the Debtor, (D.E. 1), show one property

            on Schedule "A".

        a.   Single Family Home: 19 Volusia Drive, Debary, FL 32713-3217 with a value

             of $88,311.00.

    3.      The sworn schedules signed and filed, by the Debtor (D.E. 1) state that "Vanderbilt

            Mortgage" is a secured creditor for the property located at 19 Volusia Drive,

            Debary, FL 32713-3217, with a claim in the amount of $105,981.00.  The Debtor

            has not marked the account as disputed or contingent. In addition, the Debtor has

            indicated his intent to surrender the property.

    4.      The property that is subject to the Motion for Relief, is 19 Volusia Drive, Debary,

            FL 32713-3217 and the Motion for Relief from Stay was filed by Vanderbilt

            Mortgage and Finance, Inc.

5.    The Trustee's objection to the motion is based on a lack of an assignment of mortgage.

6.    The issues dealing with assignments and transfers would be better dealt with in the Circuit Court through the foreclosure process, however Florida Law provides:

   a.  Vanderbilt has standing to bring this Motion for Relief.  Vanderbilt is not required to produce an Assignment of the Mortgage pursuant to applicable law since it is in possession of the original Note, which has been endorsed in blank and is therefore the holder as defined by Florida law.

   b.  Where a note secured by a mortgage is transferred without any formal assignment of the mortgage, the mortgage in equity passes as an incident to the debt, unless there is some plain and clear agreement to the contrary. Johns v. Gillian, 184 So. 2d 140 (Fla. 1938). "A mere delivery of a note and mortgage, with intention to pass the title, upon proper consideration, will vest the equitable interest in the person to whom it is so delivered." Id. at 143. "Because the lien follows the debt, there was no requirement of attachment of a written and recorded assignment of the mortgage in order for the appellant to maintain the foreclosure action."  Chemical Residential Mortgage v. Rector, 742 So. 2d 300 (Fla. 1st DCA 1998), rev. denied 727 So. 2d 910 (1999).  To foreclose upon a promissory note, the plaintiff must be the "holder" in order to be the real party in interest.  Troupe v. Redner, 652 So. 2d 394 (Fla. 2d DCA 1995), citing Withers v. Sandlin, 36 Fla. 619, 18 So. 856 (1896); Laing v. Gainey Builders, Inc., 184 So. 2d 897 (Fla. 1st DCA 1966).  The "holder," with respect to a negotiable instrument, means the person in possession if the

instrument is payable to Bearer or, in the case of an instrument payable to an identified person, the identified person if said identified person is in possession. §671.201(20), Florida Statutes (2002). "Bearer" means the person in possession of an instrument, document of title, or certificated security payable to bearer or indorsed in blank. §671.201(5), Florida Statutes (2002).

7.  Vanderbilt filed a foreclosure action in the case styled Vanderbilt Mortgage and Finance, Inc. vs. Cassandra K. Mettler and James Albrecht, et. al., Case Number 2016 11820 CIDL (Volusia County Circuit Court).

8.  On January 25, 2018 the Circuit Court entered a In Rem Final Summary Judgment of Foreclosure. The total amount due on the Final Judgment of Foreclosure is $130,760.54, plus post-judgement interest, fees and cost. A copy of the In Rem Final Summary Judgment of Foreclosure is attached as "**Exhibit A**".

9.  Movant holds a lien for the grand total sum specified in the In Rem Final Summary Judgment of Foreclosure. The lien was determined to be a superior lien and encumbers the subject property located in Volusia County, Florida and described as:

**The East 1/2 of Lot 6, Block B, Christberger Manor, according to the plat thereof, recorded in Plat Book 11, Page 241, of the Public Records of Volusia County, Florida.**

Property address: **19 Volusia Drive, Debary, FL 32713**

WHEREFORE, PREMISES CONSIDERED, Vanderbilt prays that the Court will overrule the Trustee's Response to Motion for Relief from Stay and that Movant have such other and further relief as is just.

DATED this 30th day of May 2018.

Respectfully submitted,

/S/ Seth Greenhill

SETH GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
SGreenhill@padgettlaw.net
*Attorney for Creditor*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of May 2018, a true and correct copy of the foregoing was served by U.S. Mail, First Class, and/or electronic transmission to:


Debtor
James E Albrecht
19 Volusia Dr.
Debary, FL 32713-3217

Attorney for Debtor
Charles W Price
Price Law Firm
400 Maitland Avenue
Altamonte Springs, FL 32701

Trustee
Dennis D Kennedy
P. O. Box 541848
Merritt Island, FL 32954

/S/ Seth Greenhill

SETH GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP

Exhibit A